UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLINTON RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-03243-WTL-MPB |
| ) | |
| KEITH BUTTS Superintendent, New Castle ) | |
| Correctional Facility, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Correct Error,
Dismissing Complaint, and Directing Further Proceedings**

**I. Motion to Correct Error**

Plaintiff Clinton Riley brought this action challenging disciplinary action taken against him which resulted in the deprivation of earned credit time and other sanctions. In the Entry of December 2, 2016, the Court reviewed the plaintiff's complaint and determined that because the complaint focused on disciplinary action taken against him and because he seeks, among other things, compensatory damages and a declaration that these actions violated his right to due process, Riley had filed an improper habeas/civil rights hybrid action. Because such hybrid actions are not permitted and because the complaint focused on the disciplinary action, the Court directed the action to proceed a petition for a writ of habeas corpus. Riley has filed a motion to correct error arguing that the Court erred in construing his complaint as a petition for a writ of habeas corpus.

The motion to correct error [dkt 11] having been fully considered, is **granted.** The complaint will be treated as a civil rights complaint and not a petition for a writ of habeas corpus. The Entry and Order to Show Cause issued on December 2, 2016, and the Order Appointing

Indiana Federal Community Defender are each **vacated**. The appearance of Sara Varner is sua sponte **withdrawn.**

## II. Screening of the Complaint

The complaint is now subject to the screening required by 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Riley alleges that but for the loss of earned credit time that resulted from a conduct report charging him with noncompliance with the Sex Offender Management and Monitoring ("SOMM") Program, he would have been released from prison on April 27, 2015. He alleges that his due process and equal protection rights have been violated as a result of the defendants charging him and finding him guilty of failing to participate in SOMM even though he qualified for an exemption from the policy requiring participation. He alleges that his due process and equal protection rights as protected under the First and Fourteenth Amendments as well as Indiana constitutional provisions were violated when the defendants compelled him to admit to guilt of a sex offense or take a polygraph test as a condition to avoid being sanctioned. He further alleges that he was improperly placed in segregation, identified as a sexually violent predator, provided with mental health treatment, and denied access to the court.

For the reasons set forth in this Entry, the complaint must be **dismissed**.

First, to the extent Riley seeks immediate release from prison, he cannot seek that remedy in a civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of one's confinement. *Glaus v. Anderson,* 408 F.3d 382 (7th Cir. 2005) (explaining the difference between civil rights and habeas remedies). Riley cannot join a habeas claim with claims seeking other relief and he has indicated in his motion to correct error that he is not seeking habeas relief in this action.

Riley's claims that each defendant participated in writing, reviewing, or enforcing a particular conduct report in a disciplinary proceeding which resulted in the loss of earned credit time are barred unless and until they are overturned. "*Heck [v. Humphrey,* 512 U.S. 477 (1994),] bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence." *Wiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004). This same rule applies to "convictions" incurred in prison disciplinary proceedings. *See Edwards v. Balisok,* 520 U.S. 641 (1997) (a claim for damages that would call into question the validity of a prison disciplinary finding is barred); *Walker v. Taylorville Correctional Ctr.,* 129 F.3d 410, 413 (7th Cir. 1997); *Lusz v. Scott,* 126 F.3d 1018, 1021 (7th Cir. 1997). His disciplinary conviction has not been overturned or otherwise invalidated and so any due process claims against the defendants based on the disciplinary conviction are **dismissed without prejudice** as premature.

Riley's claim that he was improperly committed to segregation in violation of his rights must also be **dismissed**. An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). In other words, a prisoner has a liberty interest in remaining in the general prison

population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). Merely being placed in a disciplinary unit, or being confined under conditions more onerous than conditions in other housing units does not violate the guarantee of due process. *Miller v. Dobier*, 2011 WL 477046, *2 (7th Cir. Feb. 11, 2011). Riley makes no allegation that the conditions of the segregation unit posed a significant hardship sufficient to state a claim that his due process rights were violated when he was placed in segregation.

The claim that he was been improperly classified as a Sexually Violent Predator in violation of his due process rights must be **dismissed**. Riley asserts that this is because he has not been convicted of a crime against children and because he has not been afforded the opportunity to challenge the classification. The Indiana Sexually Violent Predator Statute provides, among other things, that "A person who . . . being at least eighteen (18) years of age, commits an offense described in . . . (B) IC 35-42-4-2 (before its repeal); . . . is a sexually violent predator." Ind. Code § 35-38-1-7.5(b)(1)(B). Riley was convicted on May 8, 2001, in an Indiana state court of one count of class A felony rape under Indiana Code § 35-42-4-2(b), as well as criminal deviate conduct, and battery. *Riley v. State*, 49A02-0106-cr-365 (Ind. Ct. App. Feb. 7, 2002). Because he was convicted under a criminal statute specifically identified under the Sexually Violent Predator Statue, he became a sexually violent predator by operation of law. His classification as such therefore did not violate his due process rights. *See Flanders v. State*, 955 N.E.2d 732, 747 (Ind. Ct. App. 2011).

The claim that he has been forced to undergo mental health treatment without his consent must be **dismissed**. Riley does not specifically allege what care he has received without his consent. The complaint thus fails to provide sufficient allegations to raise the right to relief on this

claim above a speculative level. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In addition, Riley may have a limited due process right in the circumstances he has alleged. The due process clause protects certain fundamental rights, one of which is the right to be free from unjustified bodily and mental intrusions. *Washington v. Harper,* 494 U.S. 210, 221, 110 S.Ct. 1028, 1036, 108 L.Ed.2d 178 (1990) (prisoner possesses a significant liberty interest in avoiding unwanted administration of psychotropic drugs); *Youngberg v. Romeo,* 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982) (freedom from bodily restraint recognized as "core" of liberty interest protected by the due process clause); *Vitek v. Jones,* 445 U.S. 480, 492–93, 100 S.Ct. 1254, 1263–64, 63 L.Ed.2d 552 (1980) (involuntary transfer of inmate to mental institution where he would receive compelled behavior modification treatment implicates liberty interest); Riley has failed to state any facts that support his claim that his due process rights were violated by the imposition of mental health treatment. He has not alleged that he has been forced to take unwanted drugs or that he has been improperly restrained. Further, even if he had stated sufficient facts to state a claim for relief, he has not alleged what individuals are personally responsible for this alleged violation of his rights. *See Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's*

rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

Riley's claim that his First Amendment right to access the court was denied must also be **dismissed**. Riley alleges that in Case No. 1:15-cv-1818-SEB-MJD in this Court, he received an order directing him to file an Amended Complaint by February 9, 2016 and that he was held in segregation until that date. To state a claim based on an alleged denial of access to the courts, a plaintiff must allege that the denial prejudiced his lawsuit. *See Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003) (to state a claim for denial of access to the courts, a plaintiff must show that his lawsuit was prejudiced). Here, Riley does not allege that he was hindered from complying with the order in that case. In fact, the docket of that case reflects that he filed a legal memo in that case on February 8, 2016.[1] In that case, Riley's complaint was dismissed and he was given the opportunity to file an Amended Complaint. He filed a timely "legal memo" that he Court determined did not rectify the deficiencies of the complaint. Riley thus makes no plausible claim that his lawsuit in 1:15-cv-1818-SEB-MJD was prejudiced by his time spent in segregation.

Finally, any claim based on Indiana law are **dismissed for lack of jurisdiction.** Because the federal claims purported alleged in the complaint fail to state a claim upon which relief may be granted, the plaintiff may not rely on the court's supplemental jurisdiction to entertain his state-law claims. See 42 U.S.C. § 1367(c)(3); *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.,* 471 F.3d 754,757-58 (7th Cir. 2006).

### III. Further Proceedings

For the foregoing reasons, the complaint fails to state a claim upon which relief can be granted and is therefore **dismissed**. Riley shall have **through January 30, 2017**, to show cause

---

[1] Courts can and do take judicial notice of their own dockets. *See Thomas v. McElroy*, 2010 WL 5089824, at *1 (S.D. Ill. Dec. 8, 2010) *aff'd*, 463 F. App'x 591 (7th Cir. 2012).

why judgment consistent with this Entry shall not issue. Failure to comply with these directions may result in this dismissal of this action without further notice.

    **IT IS SO ORDERED.**

Date: 12/22/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Clinton Riley
DOC No. 111204
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**